

**SIGNED THIS 15th day of October, 2021**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** | |
| **JOSEPH EUGENE SNYDER, JR.,** | **Chapter 13** |
| **LINDA LILY SNYDER,** | |
|     Debtors. | **Case No. 17-50709** |
| **JOSEPH EUGENE SNYDER, JR.,** | |
| **LINDA LILY SNYDER,** | |
|     Movants, | |
| v. | **ECF Doc. No. 33** |
| **ROCKINGHAM CO-OPERATIVE FARM** | |
| **BUREAU, INCORPORATED,** | |
|     Respondent. | |

### ORDER AWARDING ACTUAL DAMAGES FOR THE ROCKINGHAM CO-OPERATIVE FARM BUREAU, INC.'S WILLFUL VIOLATION OF THE AUTOMATIC STAY AND DENYING DEBTORS' REQUEST FOR PUNITIVE DAMAGES

The debtors, Joseph E. Snyder, Jr. and Linda Lily Snyder, filed a voluntary chapter 13 bankruptcy petition on July 28, 2017. *See* ECF Doc. No. 1. The debtors by counsel filed a motion for contempt for violation of the automatic stay alleging that creditor Rockingham Co-operative Farm Bureau, Incorporated (the "Cooperative") violated the automatic stay by continually mailing bills to the debtors in an attempt to collect a prepetition debt. *See* ECF Doc. No. 33. For this

violation, the debtors seek an order enjoining the Cooperative from further violating the automatic stay and a monetary award for actual damages, including attorney's fees, and punitive damages pursuant to 11 U.S.C. § 362(k)(1). *See id.*

The Cooperative did not file a response to the motion. On September 8, 2021, this Court held an evidentiary hearing on the motion. At the hearing held by video conference, both debtors testified. *See* ECF Doc. No. 35. The Court ruled at the conclusion of the hearing that the Cooperative violated the automatic stay but took under advisement the request for damages. *See* ECF Doc. No. 36.

*Findings of Fact*

The testimony and evidence revealed that the debtors incurred a debt with the Cooperative by purchasing tools, a firearm, a crossbow, and shells, among other miscellaneous items before filing their bankruptcy petition. The debtors testified that they have not made any purchases on credit from the Cooperative after filing their bankruptcy petition. Mrs. Snyder testified that she has been receiving a bill from the Cooperative on a monthly basis for the last nine months to one year. She reported that she was upset because she thought they had to pay the bills and later she "got mad" because she believed they were not supposed to be receiving any bills. Mr. Snyder confirmed this and added that these bills contributed to the stress he already had as caretaker of his wife because she is often in and out of the hospital. He noted that she is in a wheelchair. Neither debtors' counsel nor the debtors have personally told anyone at the Cooperative they are in bankruptcy. Finally, the debtors testified that they received an August bill from the Cooperative after their counsel filed this motion.

The evidence submitted to this Court included copies of four invoices requesting payment of $900.92 to the Cooperative. The invoices contain "closing dates" of March 31, April 30, May

31, and June 30 of 2021, respectively. The description of the balance due is for a "previous balance" consistently at $900.92 on all four bills with no indication of late fees, interest, or any consequence for failure to pay the previous balance on the respective due dates. There was no communication from the Cooperative to the debtors to collect on this debt beyond the monthly collection statements.

At no time did the Cooperative seek relief from the automatic stay.

Debtors' counsel argued that these monthly bills continued to be sent to debtors even after the motion for contempt was served[1] on the Cooperative. Debtors' counsel sought, for his clients, actual damages, including attorney's fees, and punitive damages totaling $5,000. Debtors' counsel stated his clients incurred $650 in attorney's fees in connection with filing this motion for contempt.

At the conclusion of the hearing, this Court found that the Cooperative violated the automatic stay by sending collection statements to the debtors. The debtors' request for damages, including $5,000 in punitive damages, pursuant to section 362(k) of the Bankruptcy Code was taken under advisement.

*The automatic stay*

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). In other words, upon filing the petition, the Code imposes a stay of certain proceedings against the debtor, property of the debtor, and property of the estate. *See Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986). The automatic stay operates

---

[1] The certificate of service for the motion reports that counsel for the debtor mailed the motion and notice of hearing to the Cooperative on July 21, 2021. The hearing was held on September 8, 2021.

to protect the property included in the estate from acts to obtain possession or exercise control over it and is "the most powerful protection the Bankruptcy Code affords debtors." *Sexton v. Dep't of Treasury (In re Sexton)*, 508 B.R. 646, 657 (Bankr. W.D. Va. 2014) (citing *Bunch v. NCNB S.C. (In re Bunch)*, 119 B.R. 77, 79 (Bankr. D.S.C. 1990)). It "is not a suggestion. The stay is a command." *Edwards v. B & E Transport, LLC (In re Edwards)*, 607 B.R. 530, 534 (Bankr. W.D. Va. 2019).

Section 362(k)(1) provides a court the authority to award actual damages in connection with a violation of the automatic stay. *See* 11 U.S.C. § 362(k)(1). "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *Id.*

A violation of the automatic stay is considered willful when a party proceeds to act in violation of the stay despite knowledge of the bankruptcy case. *See Budget Serv. Co.*, 804 F.2d at 292–93. A creditor does not need to act with "specific intent but must only commit an intentional act with knowledge of the automatic stay." *Morgan v. Bank of the West (In re Morgan)*, 547 B.R. 185, 188–89 (Bankr. W.D. Va. 2016) (quoting *In re Thorne*, No. 08-80022, 2008 WL 2385991, at *1 (Bankr. M.D.N.C. June 11, 2008)). "Willfulness describes the intentional nature of action taken in violation of the stay, rather than the specific intent to violate the stay." *In re Banks*, 577 B.R. 659, 667 (Bankr. E.D. Va. 2017) (citing *In re Highsmith*, 542 B.R. 738, 748 (Bankr. M.D.N.C. 2015)).

To establish a willful violation, it must be shown that the party knew of the bankruptcy filing and then took some action. It is irrelevant whether the party had specific intent to violate the stay. "A creditor violates the stay willfully when it has knowledge of the bankruptcy and it fails to take possible and necessary action to prevent the continuation of the collection process; in

such an instance, inaction amounts to reckless disregard and a violation of the automatic stay." *In re Highsmith*, 542 B.R. at 748 (finding a willful violation of the stay because a creditor failed to halt garnishments of debtor's social security benefits and it failed to immediately correct the garnishments after notice of the case).

Once reasonable, actual notice of the bankruptcy case is received, it becomes the creditor's responsibility to ensure it has not violated the stay, or if it has before receipt of notice then to reverse any action taken. *See Mitchell Constr. Co. v. Smith (In re Smith)*, 180 B.R. 311, 319–20 (Bankr. N.D. Ga. 1995). Additionally, a creditor does not need formal notice to have knowledge of the bankruptcy case rather "the creditor may be charged with notice of the bankruptcy if it [is] in possession of sufficient facts to cause a reasonably prudent person to make further inquiry." *Clayton v. King (In re Clayton)*, 235 B.R. 801, 808 (Bankr. M.D.N.C. 1998). Courts have generally held that mailing creates a presumption of receipt. *See Warren v. Dill (In re Warren)*, 532 B.R. 655, 662 (Bankr. D.S.C. 2015) (citing *In re Perkins*, 2011 WL 3163294, at \*2 (Bankr. D.S.C. 2011)) (holding that a creditor failed to present evidence sufficient to overcome the presumption that he received proper notice of debtor's chapter 13 bankruptcy when debtor mailed notice to creditor's business street address despite creditor asserting he maintained a post office box address for receiving business mail because no evidence was presented to indicate that debtor did not properly mail the notice to creditor or that the mail was returned as undeliverable). The presumption may not be overcome by mere denial of receipt, rather there must be evidence that the mailing was not actually accomplished. *See id.*

Here, the Cooperative was mailed notice of the chapter 13 bankruptcy case by first class mail to its listed address at P.O. Box 1109, Harrisonburg, VA 22803-1109 on July 30, 2017. *See* ECF Doc. No. 8. On March 22, 2018, the Cooperative was mailed by first class mail the order of

chapter 13 plan confirmation at the same address.  *See* ECF Doc. No. 32.  Neither mailing was returned as undeliverable nor has the Cooperative denied receiving either mailing.  Therefore, the Court will presume the Cooperative had notice of the debtors' bankruptcy.

The Cooperative intentionally sent collection statements demanding payment of $900.92 from the debtors after the debtors filed bankruptcy.  The Cooperative's mailings were intentional actions because mailing a collection statement requires some proactive conduct.  Thus, the Cooperative willfully violated the automatic stay because it had notice of debtors' bankruptcy case but nonetheless continued to send monthly collection statements for its outstanding debt.

Without relief from the automatic stay, a creditor may not attempt to collect a prepetition debt.  *See In re Neilsen*, 443 B.R. 718, 722 (Bankr. W.D. Va. 2011).  No relief from the automatic stay was sought by the Cooperative in this case, nor was such relief granted by this Court.  The Cooperative willfully violated the automatic stay by mailing bills to collect the debtors' outstanding debt.

*Actual Damages*

Section 362(k)(1) provides a court the authority to award actual damages in connection with a violation of the automatic stay.  *See* 11 U.S.C. § 362(k)(1).  For this Court to award actual damages under section 362(k), it must find that (1) "a violation occurred," (2) "the violation was committed willfully," and (3) "the violation caused actual damages."  *Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529 (E.D. Va. 2014).  The debtor must prove a willful violation of an automatic stay by clear and convincing evidence to recover.  *Id.*

As described above, there was a willful violation of the automatic stay committed by the Cooperative.  In this case, however, the debtors have failed to show by testimony or evidence any

actual damages, other than attorney's fees, caused by the Cooperative's violation of the automatic stay.

*Attorney's Fees*

Section 362(k)(1) permits recovery of attorney's fees. To recover attorney's fees, "such fees must be reasonable and necessary." *In re Seaton*, 462 B.R. 582, 604 (Bankr. E.D. Va. 2011) (quoting *In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011)).

This Court finds the attorney's fees of $650.00 are reasonable and necessary in this case because the Cooperative willfully violated the automatic stay by mailing the debtors monthly collection statements after the debtors filed bankruptcy. The violation caused the debtors to consult their attorney, file this motion, and appear before this Court with counsel.

*Punitive Damages*

Section 362(k)(1) authorizes punitive damages in appropriate circumstances. To determine if punitive damages are appropriate, courts should consider four factors: "(1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; and (4) any provocation by the debtor." *Seaton*, 462 B.R. at 595 (quoting *Rawles v. Wych (In re Rawles)*, Adv P. No. 08-00555, 2009 WL 2924005, at *2 (Bankr. D. Md. June 18, 2009)). Punitive damages are, however, reserved for cases of egregious and intentional misconduct. *See Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 419 (Bankr. E.D. Va. 2011) (citing *In re Carrigan*, 109 B.R. 167, 172 (Bankr. W.D.N.C. 1989)). Punitive damages are "appropriate under 11 U.S.C. § 105 when a creditor's actions are egregious or malevolent." *Boyd v. New Peoples Bank, Inc. (In re Boyd)*, 562 B.R. 324, 330 (Bankr. W.D. Va. 2016) (quoting *Workman v. GMAC Mortg. LLC (In re Workman)*, 392 B.R. 189, 196 (Bankr. D.S.C. 2007)). To reach the level of egregious and malevolent behavior, a creditor must act in a way that goes beyond mere willfulness and resembles a specific

intent to violate the automatic stay. *Seaton*, 462 B.R. at 604. The *Seaton* court found that to award and assess punitive damages a creditor's conduct must go "beyond willfulness or deliberation" and more likely resemble "a specific intent to violate the discharge injunction." *Id.*

Here, the Cooperative willfully violated the automatic stay, but its conduct does not resemble a specific intent to violate the automatic stay. The Cooperative presumptively had notice of the bankruptcy case because it was mailed a Notice of Bankruptcy which was not returned as undeliverable. Beyond that, however, the debtors or debtors' counsel did not attempt to contact the Cooperative to inform it of the bankruptcy and remind it to stop mailing the bills. The Cooperative's invoices reflect the same balance of $900.92, with no late fees or penalties applied. The debtors have not shown that the Cooperative made other threats of collections or had any other communication with the debtors. The debtors have not shown the Cooperative's specific intent to violate the automatic stay. By mailing these invoices after the bankruptcy, the Cooperative willfully violated the automatic stay, but this alone does not rise to the level of egregious or malevolent behavior with a specific intent to violate the automatic stay. Thus, punitive damages are inappropriate.

Accordingly, it is

**O R D E R E D**

that Rockingham Co-operative Farm Bureau, Incorporated shall cease sending invoices or taking any other action to collect a prepetition debt owed by Joseph or Linda Snyder and shall within 30 days of the date of this order, pay to the debtors $650.00 for the attorney's fees Mr. and Mrs. Snyder incurred. Failure to pay the $650.00 sum to the debtors within 30 days of the date of this order may result in additional penalties or sanctions.

Copies of this order are directed to be sent to the debtors, debtors' counsel, the chapter 13 trustee, and Rockingham Co-operative Farm Bureau, Incorporated, P.O. Box 1109, Harrisonburg, VA 22803.

**End of Order**